1

2

3

4

5

6

7

8

9               IN THE UNITED STATES DISTRICT COURT

10              FOR THE EASTERN DISTRICT OF CALIFORNIA

11

12  SCOTT N. JOHNSON,                )
                                     )    2:06-cv-0108-GEB-PAN (JFM)
                Plaintiff,           )
13                                   )
       v.                            )    STATUS (PRETRIAL
14                                   )    SCHEDULING) ORDER
    N.O.W., LLC; MICHAEL W. MOSER,   )
15  individually and d/b/a NISSAN ONLY )
    WRECKERS,                        )
16                                   )
                Defendants.[1]       )
17  _____ )

18
           The status (pretrial scheduling) conference scheduled in
19
    this case for April 17, 2006, is vacated since the joint status report
20
    ("JSR") submitted by the parties indicates that the following Order
21
    should issue.
22
                    DISMISSAL OF DOE DEFENDANTS
23
           Since Plaintiff has not justified Doe defendants remaining
24
    in this action, Does 1-10 are dismissed.  See Order Setting Status
25
    (Pretrial Scheduling) Conference filed January 17, 2006, at 2 n.2
26

27  _____

28        [1]    The caption has been amended according to the Dismissal of Doe
    Defendants portion of this Order.

                                    1

1 (indicating that if Plaintiff or Plaintiffs fail to set forth in the

2 JSR a date by when the identities of any "Doe" defendants are expected

3 to be discovered, the claims against Doe defendants would be deemed

4 abandoned and a dismissal order would follow).

5 <u>SERVICE, JOINDER OF ADDITIONAL PARTIES, AMENDMENT</u>[2]

6 All defendants have been served and no further service is

7 permitted, except with leave of Court, good cause having been shown.

8 No further joinder of parties or amendments to pleadings is

9 permitted, except with leave of Court, good cause having been shown.

10 <u>DISCOVERY</u>

11 All discovery shall be completed by May 9, 2007.  In this

12 context, "completed" means that all discovery shall have been

13 conducted so that all depositions have been taken and any disputes

14 relative to discovery shall have been resolved by appropriate orders,

15 if necessary, and, where discovery has been ordered, the order has

16 been complied with or, alternatively, the time allowed for such

17 compliance shall have expired.[3]

18

---

19 [2] The statements in the JSR that Defendants "anticipate that the
20 pleadings will be amended" is too imprecise to except the referenced
possible amendments from the "good cause" standard.   "Parties
21 anticipating possible amendments . . . have an 'unflagging obligation'
to alert the Rule 16 scheduling judge of the . . . timing of such
22 anticipated amendments in their status reports so that the judge can
consider whether such amendments may properly be sought solely under the
23 Rule 15(a) standard, and whether structuring discovery pertinent to the
parties' decision whether to amend is feasible." <u>Jackson v. Laureate,</u>
24 <u>Inc.</u>, 186 F.R.D. 605, 608 (E.D. Cal. 1999) (citation omitted).

25 [3] The parties are advised that the Magistrate Judges in the
26 Eastern District are responsible for resolving discovery disputes.  <u>See</u>
Local Rule 72-302(c)(1).   Accordingly, counsel shall direct all
27 discovery-related matters to the Magistrate Judge assigned to this case.
A party conducting discovery near the discovery "completion" date runs
28 the risk of losing the opportunity to have a judge resolve discovery
motions pursuant to the Local Rules.

Each party shall comply with Federal Rule of Civil Procedure 26(a)(2)'s initial expert witness disclosure and report requirements on or before December 11, 2006, and with the rebuttal expert disclosures authorized under the Rule on or before January 11, 2007.

<u>MOTION HEARING SCHEDULE</u>

The last hearing date for motions shall be July 9, 2007, at 9:00 a.m.[4]

Motions shall be filed in accordance with Local Rule 78-230(b).  Opposition papers shall be filed in accordance with Local Rule 78-230(c).  <u>Failure to comply with this local rule may be deemed consent to the motion and the Court may dispose of the motion summarily</u>.  <u>Brydges v. Lewis</u>, 18 F.3d 651, 652-53 (9th Cir. 1994). Further, failure to timely oppose a summary judgment motion may result in the granting of that motion if the movant shifts the burden to the nonmovant to demonstrate a genuine issue of material fact remains for trial.  <u>Cf</u>. <u>Marshall v. Gates</u>, 44 F.3d 722 (9th Cir. 1995).

Absent highly unusual circumstances, reconsideration of a motion is appropriate only where:

(1)  The Court is presented with newly discovered evidence that could not reasonably have been discovered prior to the filing of the party's motion or opposition papers;

(2)  The Court committed clear error or the initial decision was manifestly unjust; or

(3)  There is an intervening change in controlling law.

---

[4]  This time deadline does not apply to motions for continuances, temporary restraining orders, emergency applications, or motions under Rule 16(e) of the Federal Rules of Civil Procedure.

1  A motion for reconsideration based on newly discovered evidence shall

2  set forth, in detail, the reason why said evidence could not

3  reasonably have been discovered prior to the filing of the party's

4  motion or opposition papers.  Motions for reconsideration shall comply

5  with Local Rule 78-230(k) in all other respects.

6          The parties are cautioned that an untimely motion

7  characterized as a motion in limine may be summarily denied.  A motion

8  in limine addresses the admissibility of evidence.

9                          FINAL PRETRIAL CONFERENCE

10         The final pretrial conference is set for September 4, 2007,

11 at 2:30 p.m.  The parties are cautioned that the lead attorney who

12 WILL TRY THE CASE for each party shall attend the final pretrial

13 conference.  In addition, all persons representing themselves and

14 appearing in propria persona must attend the pretrial conference.

15         The parties are warned that non-trialworthy issues could be

16 eliminated sua sponte "[i]f the pretrial conference discloses that no

17 material facts are in dispute and that the undisputed facts entitle

18 one of the parties to judgment as a matter of law." Portsmouth Square

19 v. Shareholders Protective Comm., 770 F.2d 866, 869 (9th Cir. 1985).

20         The parties shall file a JOINT pretrial statement with the

21 Court not later than seven (7) days prior to the final pretrial

22 conference.[5]  The joint pretrial statement shall specify the issues

23 for trial.  The Court uses the parties' joint pretrial statement to

24

25         [5]     The failure of one or more of the parties to participate in
26 the preparation of any joint document required to be filed in this case
   does not excuse the other parties from their obligation to timely file
27 the document in accordance with this Order.  In the event a party fails
   to participate as ordered, the party or parties timely submitting the
28 document shall include a declaration explaining why they were unable to
   obtain the cooperation of the other party.

                                    4

prepare its final pretrial order and could issue the final pretrial order without holding the scheduled final pretrial conference.  See Mizwicki v. Helwig, 196 F.3d 828, 833 (7th Cir. 1999) ("There is no requirement that the court hold a pretrial conference.").  The final pretrial order supersedes the pleadings and controls the facts and issues which may be presented at trial.  Issues asserted in pleadings which are not preserved for trial in the final pretrial order cannot be raised at trial.  Hotel Emp., et al. Health Tr. v. Elks Lodge 1450, 827 F.2d 1324, 1329 (9th Cir. 1987) ("Issues not preserved in the pretrial order are eliminated from the action."); Valley Ranch Dev. Co. v. F.D.I.C., 960 F.2d 550, 554 (5th Cir. 1992) (indicating that an issue omitted from the pretrial order is waived, even if it appeared in the pleading); cf. Raney v. District of Columbia, 892 F. Supp. 283 (D.D.C. 1995) (refusing to modify the pretrial order to allow assertion of a previously-pled statute of limitations defense); Olympia Co. v. Celotex Corp., 597 F. Supp. 285, 289 (E.D. La. 1984) (indicating that "[a]ny factual contention, legal contention, any claim for relief or defense in whole or in part, or affirmative matter not set forth in [the pretrial statement] shall be deemed . . . withdrawn, notwithstanding the contentions of any pleadings or other papers previously filed [in the action]").

        If possible, at the time of filing the joint pretrial statement counsel shall also email it in a format compatible with WordPerfect to: geborders@caed.uscourts.gov.

                        TRIAL SETTING

        Trial is set for December 4, 2007, commencing at 9:00 a.m.

/////

/////

<u>MISCELLANEOUS</u>

The parties are reminded that pursuant to Federal Rule of Civil Procedure 16(b), the Status (pretrial scheduling) Order **shall not be modified except by leave of Court upon a showing of good cause. Counsel are cautioned that a mere stipulation by itself to change dates does not constitute good cause.**

IT IS SO ORDERED.

Dated:  April 6, 2006

<u>/s/ Garland E. Burrell, Jr.</u>
GARLAND E. BURRELL, JR.
United States District Judge